**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIRANUSH DEMIRCHIAN; et al., | No. 10-70899 |
| Petitioners, | Agency Nos.      A075-717-045 |
| v. | A075-717-046 |
| | A077-998-007 |
| ERIC H. HOLDER, Jr., Attorney General, | A077-998-014 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 10, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

The Board of Immigration Appeals' (BIA) adverse credibility determination

is supported by substantial evidence. Ms. Demirchian and her family failed to

credibly establish their identities, an issue that goes to the heart of their claim. *See*

*Kalouma v. Gonzales*, 512 F.3d 1073, 1079 (9th Cir. 2008); *Farah v. Ashcroft*, 348

F.3d 1153, 1156 (9th Cir. 2003).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Immigration Judge (IJ) granted the Demirchian family ample time and opportunity to collect valid documentary evidence of their identities, to rebut the government's contrary forensic evidence, and to explain the inconsistencies and problems the IJ identified in their testimony and documents. The Demirchians could not explain how the "Advocacy Bureau" acquired their documents, and the BIA reasonably relied on the government's forensic reports refuting both the existence of the Bureau and the reliability of the identity documents. The Demirchians' inability to credibly prove their identities directly implicates whether or not they were actually subject to persecution in Georgia. Based on this record, a reasonable factfinder would not be compelled to conclude the Demirchians testified credibly about their identities. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *Farah*, 348 F.3d at 1156.

**PETITION FOR REVIEW DENIED.**